## John S. Fullerton *vs.* James Mack.

A notice of special matters in bar to be given in evidence under the general issue, must contain the
substance (though not the formality,) of a good plea in bar, or it will be defective, and evidence
cannot be given under it.

An officer having legal process against the goods of one, may enter the store of a third person,
where the goods are, for the purpose of executing such process, and may even break open the
door, if refused admittance on request, and may remain there long enough to seize, secure and in-
ventory such goods ; but he cannot take exclusive possession of the store of such third person,
or eject him therefrom, with a view to the security or custody of such goods there. Though, if
the owner of such store resist or oppose him, he may use whatever force *is* necessary to enable
him to perform his duty.

MOTION by the defendant for a new trial, founded on ex-
ceptions taken at the trial below.

The trespass charged in the declaration, was for assaulting
and beating the plaintiff, and expelling him from, and keeping
him out of his store. The notice of special matter to be given
in evidence under the general issue, stated, that the defendant,

*Windham,*
*February,*
*1828.*

*Fullerton*
*vs*
*Mack.*

as deputy sheriff, had in his hands a writ of attachment, in favour of *Caleb Garfield* against *Thomas K. Green*, by virtue of which he attached the goods in the store mentioned in the declaration, as the property of Green; and in the execution of the writ, and in order to keep and retain possession of the goods in the store, he gently laid hands upon the plaintiff, and put him out of the store, &c. After the plaintiff had proved, that the defendant came into the store, took hold of him, and put and kept him out of the store, the defendant offered to prove the facts stated in the notice, and that when he had made the attachment, he requested the plaintiff to leave the store, but the plaintiff refused, and opposed him when he attempted to put him out. The court excluded the evidence thus offered; and the question here was, whether the evidence was improperly rejected.

*H. Everett*, in support of the motion.

*W. C. Bradley*, contra.

Prentiss, J. after stating the facts as above, delivered the following opinion of the Court.

It is to be observed, that the notice does not state, that the plaintiff resisted or molested the defendant in the execution of his duty, in attaching or securing the goods; and without such allegation, the notice was clearly defective. The statute, authorizing special matter to be given in evidence under the general issue, with notice, was intended to dispense with the formality and prolixity of special pleading; but it has always been held, that the notice, nevertheless, must contain the substance of a good plea in bar, and be a sufficient answer to the matter proved by the plaintiff, or evidence cannot be given under it.

But, waiving all objection arising out of the insufficiency of the notice, we think that the matter offered to be proved by the defendant formed no defence to the action, and on that ground the evidence was inadmissible. It appeared that the plaintiff was in the possession and occupancy of the store, and although, if the goods were the property of Green, the defendant had a right to enter the store for the purpose of attaching them, and even to break open the door, if he was refused admittance on request, yet he had no right to lay violent hands upon the plaintiff, and forcibly expel him from the store. The defendant might undoubtedly have remained in the store long enough, and have done whatever was necessary, to enable him to execute the writ, and secure the goods by taking and removing them; but he could not take entire possession of the store, and expel the plaintiff from it. Indeed, if he had continued in the store longer than was necessary to secure and remove the goods, he would be liable as a trespasser. If the plaintiff, although the occupant of the store, and having the right of possession, had resisted or obstructed the defendant in the execution of the writ, the defendant, no doubt, would have been justified in laying hands upon the plaintiff, and using whatever

force was necessary to enable him to proceed in the performance of his duty. But the evidence offered did not show any attempt by the plaintiff to resist or impede the defendant in the execution of his duty, but merely that the plaintiff refused to go out of the store, when ordered by the defendant, and opposed the defendant when he attempted to force him out. It is very clear, that the facts offered to be proved were no justification of the trespass complained of, and the evidence, therefore, was properly excluded.

Judgment affirmed.